IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AARON ARCHY, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 20-1030-RGA |
| BUREAU CHIEF SHANE TROXLER, et al., | : |
| Defendants. | : |

Aaron Archy, Alexander Correctional Institution, Taylorsville, North Carolina.
Pro Se Plaintiff.

**MEMORANDUM OPINION**

January 8, 2021
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Aaron Archy, an inmate at the Alexander Correctional Institution in Taylorsville, North Carolina, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 2). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). He requests counsel. (D.I. 5). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

## BACKGROUND

On July 11, 2019, Plaintiff and another inmate, "Syncere Friends," received a disciplinary report for assaulting an inmate. (D.I. 2 at 6). They were removed from general population and escorted to the hole. (*Id.*). A disciplinary hearing was held, and Plaintiff was found not guilty and Friends was found guilty. (*Id.*). Plaintiff alleges that Friends confessed he was the only one involved in the assault and that Plaintiff was not involved in any way. (*Id.*).

Following the hearing Plaintiff returned to general population. (*Id.*). On July 16, 2019, Plaintiff was called off the tier and told by a corrections officer he was to secure Plaintiff in the chow hall and wait for a team of officers. (*Id.* at 7). Plaintiff was escorted to SHU (*i.e.*, Security Housing Unit) Building 18, A tier, lower 12 cell. (*Id.*). Plaintiff alleges that SHU Building 18 A Tier is considered the "lowest quality, with the most restrictions." (*Id.*). He alleges that he was placed there without violating any prison rules. (*Id.*).

When Plaintiff asked why he was transferred to SHU, he was told it was an administrative call in relation to the assault write-up in which Plaintiff was found not

1

guilty. (*Id.*). Plaintiff was told that Defendant Captain Reynolds told Corporal Dugan to type the report served on Plaintiff and that it was Reynolds who placed Plaintiff in SHU. (*Id.*). When Plaintiff had been in SHU for three months, he asked Captain Willey why he remained there and was told it was in relation to the assault write-up. (*Id.*).

Plaintiff's regularly scheduled October 2019 classification review was not held. (*Id.*). Plaintiff wrote to his counselor and was told the classification review was not held because administration was dealing with Plaintiff. (*Id.*).

On December 5, 2019, Plaintiff was "unexpectedly" transferred to a North Carolina prison. (*Id.* at 8). Plaintiff was told he was part of an interstate swap and that it was an administrative call that included Defendant Bureau Chief Shane Troxler. (*Id.*). Plaintiff's personal property was destroyed during the intake process in the North Carolina prison system. *(Id.)*. Once intake was complete, Plaintiff was placed in the hole on restrictive housing for administrative purposes because he was a new Interstate Compact inmate, and he remained there for over forty days. (*Id.*).

Plaintiff alleges that he was subjected to double jeopardy in violation of the Fifth Amendment and cruel and unusual punishment in violation of the Eighth Amendment. He seeks compensatory damages and an order for Defendants to terminate the interstate swap agreement and transfer him to the Delaware Department of Correction.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448,

2

452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *see Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive

plausibility. *See Johnson v. City of Shelby*, 574 U.S.10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

**Double Jeopardy.** Plaintiff alleges that he was subjected to double jeopardy in violation of the Fifth Amendment to the United States Constitution. While not explicitly set forth, the claim seems to be based upon the "not guilty" finding of the assault charge, followed by Plaintiff's administrative transfer to SHU.

A prison disciplinary hearing is not a "prosecution" under the Double Jeopardy Clause. *United States v. Newby*, 11 F.3d 1143, 1144 (3d Cir. 1993). As a result, a prisoner may be disciplined for violating a prison regulation in order to maintain institutional order, and subsequently be prosecuted for the same criminal conduct. *Id.* It stands to reason that since there is no double jeopardy violation when prosecuting a

4

prisoner subsequent to his institutional discipline for the same prison infraction, there is no constitutional violation when using prior disciplinary actions as a basis for classifying a prisoner to his security level. *See Hamilton v. Civigenics*, 2005 WL 418023, *3 (D. Del. Feb. 22, 2005); *Seawright v. Snyder*, 2004 WL 2662879, *4 (D. Del. Nov. 16, 2004).

Plaintiff's double jeopardy claim has no arguable basis in law or in fact, and will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

**Cruel and Unusual Punishment.** Plaintiff alleges he was subjected to cruel and unusual punishment in violation of the Eighth Amendment. As pled, I am unable to discern what facts Plaintiff relies upon in asserting an Eighth Amendment violation, as Plaintiff's narrative does not make out or even hint at any Eighth Amendment violation.

To the extent the Eighth Amendment claim is based upon Plaintiff's transfer to the North Carolina, the claim fails. The Delaware Supreme Court has recognized that prison officials have discretion to house inmates at the facilities they choose. *Walls v. Taylor*, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing *Brathwaite v. State*, No. 169, 2003 (Del. Dec. 29, 2003)). In addition, the United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution whether it be inside the state of conviction, or outside that state. *Olim v. Wakinekona*, 461 U.S. 238, 251 (1983).

If the claim is based upon the destruction of Plaintiff's property after he arrived at the North Carolina DOC and his subsequent housing assignment in the hole, Plaintiff's claim does not lie in this Court given that these actions were taken in North Carolina by North Carolina officials not named as defendants in this case and not plausibly subject

to this Court's jurisdiction. In addition, while any potential claim for Plaintiff's placement in the hole could implicate a constitutional claim, Plaintiff's remedy for deprivation of his property lies in North Carolina state courts. *See Williams v. Crosson*, 2016 WL 9448025, at *6 (E.D.N.C. Sept. 1, 2016), *aff'd*, 688 F. App'x 189 (4th Cir. 2017).

The Eighth Amendment claims against Defendants are frivolous and will be dismissed.

**Personal involvement.** There are no allegations directed towards three of the named Defendants - Warden Dana Metzger, Deputy Warden Natasha Hollingsworth, and Deputy Warden Phillip Parker. "A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Under the liberal notice pleading standard of Rule 8(a), Plaintiff's Complaint fails to allege facts that show any personal involvement by Metzger, Hollingsworth, or Parker. These Defendants will be dismissed.

**Termination of Transfer Agreement.** For relief Plaintiff asks the Court to order Defendants to terminate the interstate compact "swap agreement." The Interstate Corrections Compact is an agreement between states, enacted by statute in each participating state, that authorizes the transfer of one State's prisoner to another State's prison. *See Fisher v. Carroll*, 375 F. Supp. 2d, 385, 394 (D. Del. 2005). "The purpose of the compact is to provide for the mutual development and execution of such

programs of cooperation for the confinement, treatment and rehabilitation of offenders with the most economical use of human and material resources." 11 Del. C. § 6571 Art. I. It specifically provides for the making of contract between party states. *Id.* at Art. III.

The Interstate Corrections Compact is not a federal law and, therefore, Plaintiff cannot rely upon 42 U.S.C. § 1983 to assert a claim based upon an alleged violation of the Interstate Corrections Compact. *See, e.g., Fisher v. Carroll*, 375 F. Supp. 2d 385, 394-95 (D. Del. 2005); *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006); *Ghana v. Pearce*, 159 F.3d 1206, 1208 (9th Cir.1998); *Stewart v. McManus*, 924 F.2d 138, 142 (8th Cir. 1991). *See generally Cuyler v. Adams*, 449 U.S. 433, 439-40 (1981) (an interstate compact constitutes federal law only if: (1) it falls within the scope of the Constitution's Compact Clause; (2) it receives congressional consent; and (3) its subject matter is appropriate for congressional legislation).

Moreover, a prisoner has no constitutional right to a change of his custodial location by reason of the Interstate Corrections Compact. *See Wilson v. Johnson*, 805 F.2d 394, 1986 WL 18052 (4th Cir. 1986) (table). And, nothing in the Interstate Corrections Compact "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" so as to give rise to a liberty interest in transfer. *See, e.g., Garcia v. Lemaster*, 439 F.3d 1215, 1219 (10th Cir. 2006); *Ghana v. Pearce*, 159 F.3d 1206, 1209 (9th Cir. 1998); *Wilson v. Cooper*, 922 F. Supp. 1286, 1294-95 (N.D. Ill. 1996).

The allegations fail to state a cognizable claim under § 1983, and the relief Plaintiff seeks is not available to him. Therefore, the claim will be dismissed.

## CONCLUSION

For the above reasons, the Court will: (1) dismiss as moot Plaintiff's request for counsel (D.I. 5); and (2) dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) and § 1915A(b)(1) as it fails to raise cognizable claims. The Court finds amendment futile, since the Delaware-based claims are frivolous, and, even assuming any of the North Carolina-based claims could be sufficiently pled to state a claim, this Court is the wrong venue.

An appropriate Order will be entered.